996 F.2d 1216
 145 L.R.R.M. (BNA) 2200
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
UNITED CEILING & WALL, INC., Respondent.
 No. 93-5650.
 United States Court of Appeals, Sixth Circuit.
 June 24, 1993.
 
 Before: NELSON and SUHRHEINRICH, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 
 
 1
 JUDGMENT ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD
 
 
 2
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondent, United Ceiling & Wall, Inc., Sterling Heights, Michigan, its officers, agents, successors, and assigns, enforcing its order dated November 12, 1992, in Case Nos. 7-CA-31912, 7-CA-32111, and 7-CA-33163, and the Court having considered the same, it is hereby
 
 
 3
 ORDERED AND ADJUDGED by the Court that the Respondent, United Ceiling & Wall, Inc., Sterling Heights, Michigan, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 4
 (a) Refusing to bargain collectively with Local 67, Operative Plasterers' and Cement Masons International Association in the Detroit Area, which is the designated limited exclusive collective-bargaining representative of the Respondent's employees in an appropriate bargaining unit, by failing and refusing, without prior notice to or bargaining with the Union, to make fringe benefit contributions to the Pension and Health Insurance Fund, failing and refusing to remit the sum of $1.50 per hour withheld from employees' hourly base wages to the Vacation Fund, failing and refusing to file fringe benefit reports, and failing and refusing to remit to the Union dues withheld from employees' base wages, as required by articles II and V of the parties' collective-bargaining agreement. The appropriate bargaining unit consists of:
 
 
 5
 All full-time and regular part-time journeymen and apprentice plasterers employed by the Respondent out of its Sterling Heights place of business; but excluding office clerical employees, guards and supervisors as defined in the Act.
 
 
 6
 (b) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 7
 2. Take the following affirmative action necessary to effectuate the policies of the Act.
 
 
 8
 (a) Make the fringe benefit contributions to the Pension and Health Insurance Fund that have not been made since March 1991, remit the sum of $1.50 per hour withheld from employees' hourly base wages to the Vacation Fund that have not been remitted since June 1991, file the fringe benefit reports that have not been filed since June or July 1991, and remit to the Union the dues that were withheld from employees' base wages that have not been forwarded since July 1991, with interest as set forth in the remedy section of the Board's Decision and Order.
 
 
 9
 (b) Make whole unit employees for any expenses they may have incurred because of the Respondent's failure and refusal to make the above payments or contributions, with interest as set forth in the remedy section of the Board's Decision and Order.
 
 
 10
 (c) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amounts due under the terms of this Judgment.
 
 
 11
 (d) Post at its facility in Sterling Heights, Michigan, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7, after being signed by the Respondent's authorized representative, shall be posted by the Respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 12
 (e) Notify the Regional Director in writing within 20 days from the date of this Judgment what steps the Respondent has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 13
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES
 
 COURT OF APPEALS ENFORCING AN ORDER OF THE
 NATIONAL LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 14
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 15
 WE WILL NOT refuse to bargain collectively with Local 67, Operative Plasterers' and Cement Masons International Association in the Detroit Area, which is the designated limited exclusive collective-bargaining representative of our employees in an appropriate unit, by failing and refusing, without prior notice to or bargaining with the Union, to make fringe benefit fund contributions to the Pension and Health Insurance Fund, failing and refusing to remit the sum of $1.50 per hour withheld from employees' hourly base wages to the Vacation Fund, failing and refusing to file fringe benefit reports, and failing and refusing to remit to the Union dues withheld from employees' base wages, that were required by articles II and V of the parties' collective-bargaining agreement. The appropriate bargaining unit consists of:
 
 
 16
 All full-time and regular part-time journeymen and apprentice plasterers employed by the Respondent out of its Sterling Heights place of business; but excluding office clerical employees, guards and supervisors as defined in the Act.
 
 
 17
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 18
 WE WILL make all fringe benefit contributions to the Pension and Health Insurance Fund, that have not been made since March 1991, WE WILL remit the sum of $1.50 per hour withheld from employees' hourly base wages to the Vacation Fund that have not been remitted since June 1991, WE WILL file the fringe benefit reports that have not been filed since June or July 1991, and WE WILL remit to the Union the dues that were withheld from employees' base wages but not forwarded since July 1991, with interest.
 
 
 19
 WE WILL make unit employees whole for any expenses they may have incurred because of our failure and refusal to make the above payments and contributions, with interest.
 
 
 20
 UNITED CEILING & WALL, INC.
 
 
 21
 (Employer)
 
 
 22
 Dated _______________ By ______________________________
 
 
 23
 (Representative) (Title)
 
 
 24
 This is an official notice and must not be defaced by anyone.
 
 
 25
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 477 Michigan Avenue, Room 300, Detroit, Michigan 48226-2569, Telephone 313-226-3219.